IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DENNIS BALAKIAN, ) <br> ) <br> ) <br> ) <br>             Plaintiff/ ) <br>             Appellant, ) <br> ) <br>       vs. ) <br> ) <br> DANIEL BALAKIAN, et al., ) <br> ) <br> ) <br>             Defendants/ ) <br>             Appellees. ) <br> ) <br>_____) | No. CV-F-07-1011 OWW <br><br> ORDER DENYING APPELLANT'S MOTION TO FILE SUPPLEMENTAL BRIEF AND VACATING ORAL ARGUMENT SET FOR AUGUST 4, 2008 (Doc. 56) |

On June 2, 2008, the Court heard oral argument on Appellant's appeal from the Bankruptcy Court and took the matter under submission.

On June 10, 2008, Appellant filed a motion for right to file a supplemental brief, noticing the motion for hearing on August 4, 2008.

Appellant's motion is DENIED.

Appellant seeks leave to file a supplemental brief addressing the right to attorney's fees under the substantial

benefit theory.  Because, as stated at the hearing, Appellant did not raise the substantial benefit theory to the Bankruptcy Court, the issue is not properly raised on appeal.

Appellant asserts that the Court made certain statements during oral argument regarding the manner of proceeding on remand to the Bankruptcy Court and regarding the ability to release Appellant's mother from the equitable lien.  Appellant states:

> Appellant would like some guidance as to whether the court's thinking would preclude a settlement with his mother, or any other joint debtor, where pursuant to the settlement agreement between the parties, other than his mother, as well as with his mother, the settling party's interest would be released from the lien.  Appellant wants to be certain that such discussions can continue and that the interest of the settling party may be released from the lien.  Appellant has had settlement discussions with some of the parties, and in the absence of such a directive, it would be impossible to settle with any of the creditors, whose obligations are joint and several, and each of whom could seek contribution from the other if he or she were required to pay more or less than his or her fair share of the outstanding obligations of the parties.  Further briefing on this issue is requested.

The discussion at the hearing was in response to questions posed by the parties; these issues are not properly before the Court in this appeal.  These are issues properly raised to the Bankruptcy Court in the Adversary Proceeding upon remand.  Any comments or rulings by this Court would be in effect an improper advisory opinion.

Appellant states that the Court made certain pronouncements and had discussions concerning the right to "foreclose" in a

2

certain order and regarding the marshaling of assets pursuant to California Civil Code § 2899.  Appellant contends that Section 2899 does not apply to a debtor or an unsecured creditor. Appellant states:

> Should the court has thoughts about the order containing suggestions as to how to proceed with the sales in terms of the order of execution on the assets subject to the lien or the marshaling of assets, Appellant would like to have the opportunity to further brief the issue as well.

Again, the discussion at the hearing did not involve issues before the Court on this appeal; any rulings by this Court involving execution sale procedures would be advisory and would invade the primary authority of the Bankruptcy Court and the equity receiver.

For the reasons stated, Appellant's motion for right to file a supplemental brief is DENIED; oral argument set for August 4, 2008 is VACATED.

IT IS SO ORDERED.

Dated:   July 7, 2008                    /s/ Oliver W. Wanger
                                     UNITED STATES DISTRICT JUDGE