1

2

3

4

5

6             IN THE UNITED STATES DISTRICT COURT FOR THE

7                    EASTERN DISTRICT OF CALIFORNIA

8

9   DENNIS BALAKIAN,              )       NO. CV-F-07-1011 OWW
                                  )
10                                )       MEMORANDUM DECISION GRANTING
                                  )       APPELLANT'S MOTION FOR
11            Plaintiff/          )       REHEARING RE ATTORNEYS' FEES
              Appellant,          )       (Docs. 63 & 65) AND AMENDING
12                                )       MEMORANDUM DECISION FILED ON
        vs.                       )       JULY 8, 2008
13                                )
                                  )
14  DANIEL BALAKIAN, et al.,      )
                                  )
15                                )
              Defendants/         )
16            Appellees.          )
                                  )
17  _____ )

18       On July 8, 2008, the "Memorandum Decision Affirming in Part

19  and Reversing in Part Orders of Bankruptcy Court and Remanding

20  Action to Bankruptcy Court for Further Proceedings", (Doc. 61),

21  was filed.  The Memorandum Decision ruled in pertinent part:

22                2.  Equitable Subrogation Does Not Permit
                  Appellant to Include in His Credit Bid
23                Amounts Paid as Attorneys' Fees.

24                Appellant argues that Judge Rimel's ruling
                  that amounts paid by Appellant for attorneys'
25                fees could not be added to the equitable lien
                  is error.  Appellant complains that Judge
26                Rimel looked only to Judge Ford's 1992

                                  1

judgment and Judge Ford's finding that, because there was no promissory note to specifically enforce, costs and attorneys' fees should not be included in the amounts of the equitable liens.  Appellant contends that Judge Ford was merely responding to arguments being made to him at that time and that nothing Judge Ford said denied the right to attorneys' fees and costs for other legal reasons after the equitable liens were established, such as equitable subrogation. Appellant contends:

> [H]e had to pay $5,960.00 in fees and $945.10 in costs to renew his equitable lien and obtain appointment of the Receiver ... He has ongoing expenses in paying the Receiver to bring the motion to sell.  The bankruptcy court's order ... requires payment of $175.00 per hour to the Receiver.
>
> In addition, Appellant had to pay $9,774.00 in fees to protect the Properties from the Fresno County tax collection and Consolidated Irrigation District.  He paid substantial amounts to protect the properties from foreclosure by the Tookmanians ($6,747.00 in fees plus $380.67 in costs to negotiate a transfer of the Tookmanian liens so that they could not foreclose). Then he had to litigate with them over that agreement, and that cost a further $8,040.00 fees and $386.62 costs.  The cost of litigating the nature, extent and validity of liens case before Judge Dorian took $11,531.00 in fees and $59.20 in costs.  Protecting the Properties in the second set of bankruptcies (1996 through 1998) took $40,484.00 in fees plus $1,643.55 in costs.

Appellant has not demonstrated that Judge Rimel's ruling was erroneous.  He has not established a basis for equitable subrogation of the amounts paid in attorneys' fees.

2

Reasonable and necessary attorneys' fees and costs incurred in enforcing a judgment are recoverable, if the underlying judgment includes an award of attorneys' fees authorized by contract. *See* California Code of Civil Procedure §§ 685.040, 685.070(a)(6); *Imperial Bank v. Pim Electric, Inc.*, 33 Cal.App.4th 540, 558 (1995). There is no such contract.

Appellant further argues that Judge Rimel erred in denying his request to include attorneys' fees and costs incurred by him because both the "common fund" and "substantial benefits" doctrines apply.

The "common fund doctrine" is explained in 10 <u>Moore's Federal Practice 3d</u> § 54.171[2][a][i]:

> The [common fund] exception [to the American rule] allows the fee movant to obtain recovery of attorneys' fees from a fund created, enhanced, protected, or otherwise affected by the litigation. The exception applies (1) when the fund created redounds to the benefit of both the fee movant and other beneficiaries who are not named parties to the action, and (2) when a fee assessment against the fund would serve to spread the cost of litigation among all of those beneficiaries. ...
>
> The most important feature of the common fund exception is that the fee movant's recovery must be drawn exclusively from the fund created; neither the litigation opponent nor the fund beneficiaries themselves are personally liable for any of the fees. The common fund exception does not provide for shifting of attorneys' fees, but instead for <u>spreading</u> of those fees among those benefitting. As such, the common fund doctrine might be construed not so much as an

3

exception to the American Rule, but rather as entirely outside the prohibitions of that rule. Most cases and commentators, however, continue to refer to the common fund doctrine as an 'exception' to the American Rule.

Before fees may be awarded under the common fund exception, the fee movant must demonstrate the existence of a common fund. No common fund is created when the fee movant's recovery does not benefit others, nor when the alleged fund is speculative in nature. Even if no fund is created, however, fees may be recoverable in the proper circumstances under the substantial benefit exception.

The "substantial benefit" exception is explained <u>supra</u> §54.171[2][b][i]-[iii]:

The substantial benefit exception to the American Rule grew out of and is closely related to the common fund exception. The common fund exception allows the assessment of attorneys' fees if the fee movant's litigation has created or otherwise affected a fund for the benefit of others and the fee assessment against the fund would serve to spread the costs of the litigation to all those beneficiaries ... The substantial benefit exception performs much the same function when the litigation, although benefitting others, does not create a fund from which the fees may be collected. Any fee award must be satisfied by the losing party, provided that the party is a collective representative of the class benefitted by the suit. Accordingly, the substantial benefit exception applies when:

• The litigation has created a

substantial benefit for a definable class; and

• The court's personal jurisdiction over a defendant that is a collective representative of the class makes possible an award of fees that will spread the costs proportionately among the class members.

...

In order for the substantial benefit exception to apply, the court must determine that the suit has conferred a 'substantial benefit' on a class of beneficiaries. ....

...

Like the common fund exception ..., the substantial benefit exception is based on the equitable notion that persons benefitting from a suit should pay their proportionate share of the cost of the litigation.  Both exceptions are based on spreading the fee among the beneficiaries, not shifting the fees to the opponent.  When the fee is assessed against a common fund, the distinction between fee-shifting and fee-spreading is easy to understand.  Under the substantial benefit exception, however, the fee is assessed against the litigation opponent ..., giving the appearance of fee-shifting.  To ensure that the exception does not run afoul of the general prohibition against fee-shifting, the substantial benefit exception properly applies only when 'the court's jurisdiction ... makes possible an award that will operate to spread the costs proportionately' among the beneficiaries.

> For the exception to be validly invoked, the court must have personal jurisdiction over some entity, such as a corporation or labor union, that is composed of the class of identifiable beneficiaries of the suit.  The lack of jurisdiction over the collective entity effectively defeats application of the exception.  In essence, the entity should be an alter ego or collective representative of the beneficiaries.  By imposing the fees on the entity, the costs of the suit are spread proportionately to all beneficiaries of the suit.

> Even in the area of derivative suits or suits against a union ..., if the fee award does not serve to spread the cost of the suit, fees should be denied.  For instance, if the union prevails in a suit brought by a union member, the exception does not permit an award in favor of the union, because the cost of the suit has already been spread to the union members through their dues payments.  For similar reasons, an unsuccessful derivative suit should not result in a fee award under the exception in favor of the corporation.

> Outside the area of derivative suits and suits against a union, the requirement that the fee assessment spread the cost of the suit has often prevented application of the substantial benefit exception.

Appellant argues that, by dealing with the Fresno County Tax Collector and Consolidated Irrigation District, he was able to preserve the Properties for the benefit of the landowners as well as himself, because he is a secured creditor and a holder of an undivided fee interest in three of the five parcels.  He asserts that he was able to

negotiate delays of foreclosure with the Fresno County Tax Collector to obtain the funds necessary to pay the taxes and then get the remaining taxes into a five-year repayment program, paid by Appellant.  With regard to Consolidated Irrigation District, Appellant contends that he was able to "retrieve title to the Properties" and to obtain monetary concessions.  Therefore, Appellant asserts, these attorneys' fees expenses benefitted the "Properties and the debtors."

Appellant contends that Judge Rimel's reliance on the denial of attorneys' fees and costs in Judge Ford's 1992 Judgment is misplaced because Judge Ford's ruling was based solely on the absence of a specific contract which prevented specific performance.  Appellant argues that Judge Ford did not rule that attorneys' fees and costs could not be owed based on subsequent events.  Appellant contends that Judge Rimel failed to consider the law properly and thereby abused the discretion she may have had in failing to apply the "common fund" and "substantial benefit" doctrines.  *See In re Lahijani*, 325 B.R. 282, 287 (9th Cir.BAP 2005)("It is an abuse of discretion to apply an incorrect legal rule").

Review of Appellant's motions with respect to which Judge Rimel's orders at issue on this appeal and the transcript of the March 23, 2007 hearing on those motions demonstrates that Appellant did not raise, assert, or argue either the "common fund" or the "substantial benefit" doctrines in support of his contention that he is entitled to add attorneys' fees to the equitable lien.  The Bankruptcy Court cannot have abused her discretion in failing to apply legal doctrines not presented by the moving party. As a general rule, an appellate court will not consider arguments that are raised for the first time on appeal.  *See Self-Directed Placement Corp. v. Control Data Corp.*, 908 F.2d 462, 466 (9th Cir.1990).  A court may review an issue raised for the first time on appeal only to prevent a miscarriage of justice or when a change in the law raises a

new issue while an appeal is pending, or when the issue is purely one of law. *Kimes v. Stone*, 84 F.3d 1121, 1126 (9th Cir.1996). The decision to consider an issue not raised below is discretionary and such an issue should not be decided if it would prejudice the other party. *Id.*

The issues raised by Appellant concerning application of the "common fund" and "substantial benefit" doctrines are not necessary to prevent a miscarriage of justice; do not raise a pure issue of law but would require extended factual analysis as to the nature and amount of such fees; and will prejudice the Appellees who did not have the opportunity to address these issues to the Bankruptcy Court and develop the record accordingly. There is no statute or contract providing for the recovery of attorneys' fees. California Code of Civil Procedure §§ 685.040 and 685.070(a)(6) do not apply. Appellant is not entitled to recover attorneys' fees through his credit bid. There was no error below. More importantly, attorneys' fees incurred in litigating disputes with the other property owners cannot be said to have provided a common fund or a substantial benefit.

Appellant's appeal on this issue is DENIED.

On July 18, 2008, Appellant timely filed a Motion for Right for Rehearing re Attorneys' Fees, pursuant to Bankruptcy Rule 8015, (Doc. 63).[1]

---

[1]On July 21, 2008, Appellant filed what appears to be the identical motion. (Doc. 65).

Bankruptcy Rule 8015 provides:

Unless the district court or the bankruptcy appellate panel by local rule or by court order otherwise provides, a motion for rehearing may be filed within 10 days after entry of the judgment of the district court or the bankruptcy appellate panel. If a timely motion for rehearing is filed, the time for

Appellant concedes that the Excerpt of Record on appeal did not include a copy of the "Further Points and Authorities in Support of Motion to Sell Real Property by Equity Receiver" filed by Dennis Balakian in the Bankruptcy Court on February 14, 2007. Appellant submits a copy of that brief as Exhibit A to the motion.  Victoria J. Salisch, counsel for Appellant, avers:

> 4.  This case, before the Bankruptcy Court, and otherwise, has been handled for years by Michael T. Hertz, of the law firm of Lang, Richert & Patch.

> 5.  Recently, Mr. Hertz moved to Canada, but has remained involved to the extent possible in matters in which he was handling and which are still pending, including this matter.

> 6.  The briefs on appeal were drafted by Michael Hertz and the excerpts which were submitted with the appeal were coordinated by Mr. Hertz and his legal assistant while Mr. Hertz was in Canada.

> 7.  Apparently, this long-distance effort contributed to the brief attached hereto as Exhibit 'A' not being included in the excerpts to this court for the purposes of the appeal.

> 8.  The aforementioned brief does, in fact, contain arguments made to the Bankruptcy Court on the substantial benefit and common fund doctrines as a theory of recovery of attorneys' fees and costs.

> 9.  The brief in Exhibit 'A' has also been made a supplemental excerpt which is submitted herewith as well.

Rule 8006, Bankruptcy Rules, provides:

---

> appeal to the court of appeals for all parties shall run from the entry of the order denying rehearing or the entry of a subsequent judgment.

> Within 10 days after filing the notice of appeal as provided by Rule 8001(a) ..., the appellant shall file with the clerk and serve on the appellee a designation of the items to be included in the record on appeal and a statement of the issues to be presented.
>
> Within 10 days after the service of the appellant's statement the appellee may filed and serve on the appellant a designation of additional items to be included in the record on appeal ....

Rule 8001(a), Bankruptcy Rules, provides:

> Failure of an appellant to take any step other than the timely filing of a notice of appeal does not affect the validity of the appeal, but is ground only for such action as the district court or bankruptcy appellate panel deems appropriate, which may include dismissal of the appeal.

The Court is unable to locate any authority absolutely precluding Appellant from supplementing the excerpt of record beyond the ten day period prescribed in Rule 8006.  Although it is Appellant's responsibility to designate the record from the Bankruptcy Court that supports Appellant's issues on appeal, it is apparent that the failure to completely designate the record was the result of mistake or oversight by Appellant's counsel. Appellees did not raise this lapse; the Court discovered it in the course of reviewing the excerpts of record to address Appellant's arguments on appeal.  Precluding Appellant from supplementing the record to include Exhibit A will unfairly preclude Appellant from a full and reasoned appeal because of the carelessness of Appellant's attorneys.

Appellant argues that Judge Rimel abused her discretion by

10

failing to specifically address his claims he is entitled to recover the described attorneys' fees under the "common fund" or "substantial benefit" doctrines.  Appellant cites *In re Lahijani*, 325 B.R. 282, 287 (9th Cir.BAP 2005).

In *In re Lahijani*, the Ninth Circuit Bankruptcy Appellate Panel held that the Bankruptcy Court must evaluate the sale of the estate's avoidance claims for sound business purpose under 11 U.S.C. § 363 and also determine whether the sale meets the fair and equitable standard used to analyze compromises under Fed.R.Bankr.P. 9019.  325 B.R. at 290.  Because the Bankruptcy Court failed to address the fair and equitable settlement standard, "the bankruptcy court applied an incorrect legal standard and thereby abused its discretion."  *Id.* at 291.

*Lahijani* is not persuasive authority that Judge Rimel abused her discretion by failing to address Appellant's alternative arguments for attorneys' fees.  Judge Rimel did not "apply an incorrect legal standard;" rather, she failed to rule specifically on those arguments.

However, because Judge Rimel did not address Appellant's arguments that he is entitled to the described attorneys' fees under the "common fund" or "substantial benefit" doctrines, it cannot be determined what the exercise of Judge Rimel's discretion would have been.  At the hearing, however, Appellees conceded that Appellant is entitled to equitable subrogation of the amounts, if proven, that he paid in property taxes and irrigation district assessments.  Because Judge Rimel's Order

11

denying Appellant's claim for attorneys' fees did not address all issues presented, the Order is REVERSED and REMANDED to the Bankruptcy Court for consideration of the applicability, if at all, of the "common fund" and/or "substantial benefit" doctrines.

For the reasons stated:

1.  Appellant's Motion for Right for Rehearing re Attorneys' Fees is GRANTED;

2. The "Memorandum Decision Affirming in Part and Reversing in Part Orders of Bankruptcy Court and Remanding Action to Bankruptcy Court for Further Proceedings" (Doc. 61), is amended as follows:

     a.  Pages 45:10 to 50:17 is deleted and the following is substituted:

> Judge Rimel did not address whether Appellant is entitled to attorneys' fees under the "common fund" and/or "substantial benefit" doctrine.  Remand to the Bankruptcy Court is necessary in order to facilitate the exercise of the Bankruptcy Court's equitable discretion.

> Appellant's appeal on this issue is DENIED IN PART and GRANTED IN PART AND REMANDED TO THE BANKRUPTCY COURT FOR FURTHER PROCEEDINGS.

3.  In all other respects, the "Memorandum Decision Affirming in Part and Reversing in Part Orders of Bankruptcy Court and Remanding Action to Bankruptcy Court for Further Proceedings", (Doc. 61), remains in effect.

IT IS SO ORDERED.

Dated:   October 9, 2008              /s/ Oliver W. Wanger
                                    UNITED STATES DISTRICT JUDGE